UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
UNITED STATES OF AMERICA,

       v.     CR. NO.: 07-10397-EFH

HECTOR PUJOLS,
       Defendant.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

July 30, 2008

HARRINGTON, S.D.J.

    I.    Background

Before the Court is the defendant's motion to suppress statements and evidence. At the July 16, 2008 evidentiary hearing on the defendant's motion, the government called two witnesses: Special Agent Peter Darling and Special Agent Laura Moy, both of the Immigration and Customs Enforcement Division of the Department of Homeland Security ("ICE"). The Court found both witnesses to be credible, though their accounts differed on some points. The defendant did not call any witnesses.

    II.    Facts

The facts relevant to the defendant's motion are as follows. The defendant was arrested for drug-related offenses on September 23, 2007, in the wake of a controlled buy in a parking lot next to the LaQuinta Hotel in Somerville, Massachusetts. Upon arrest, he was placed in an ICE vehicle with Moy, Darling, and another agent. While in the car, Moy read the defendant his

Miranda rights from a Spanish language Miranda form. After each line in the form was read, the defendant initialed that line. Once the form had been read to him, he signed it (albeit using a false name). Although it is not entirely clear whether the defendant signed the form in the LaQuinta parking lot or in a nearby lot, the Court finds that the defendant signed the form before answering any questions or making any of the statements at issue in his motion to suppress. Moy then asked the defendant if he would consent to a search of his residence. The defendant replied in the affirmative, whereupon Moy read to him a Spanish consent to search form, which the defendant signed (with a false name). The defendant initially told the agents that he lived in Dorchester, but corrected himself very shortly thereafter and told them that he lived in Everett.

The defendant, Moy, Darling, and the other agent soon arrived at the defendant's address in Everett, whereupon agent Moy again read the consent to search form to the defendant. Sometime during the course of the search, the defendant was brought into the apartment, was read his Miranda rights a second time, and was interviewed by the police. The defendant was eventually taken into custody. The following day, the defendant was interviewed again. It does not appear that he had been re-Mirandized prior to this interview.

The defendant seeks suppression of (1) his statement that he lived in Everett; (2) items seized during the search of his apartment; and (3) statements he made after the agents had entered his apartment. As to each, the Court rules as follows. **The statement about his address.** Because the defendant was read his Miranda rights prior to making the statement about his address and he knowingly and voluntarily spoke with police after having been apprised of these rights, the statements should not be suppressed. United States v. Bezanson-Perkins, 390 F.3d 34, 39-41 (1st Cir. 2004) (articulating Miranda standard). **The search of the apartment.** The

2

defendant validly consented to the search of his apartment.  Accordingly, his motion to suppress the fruits of that search must be denied.  United States v. Mares, 428 F.3d 64, 66-67 (1st Cir. 2005) (no probable cause or exigent circumstances required when police obtain defendant's consent to search home)  **Subsequent statements.**  Because the defendant had been Mirandized when he made the statements at the apartment, these statements are not suppressed.  Moreover, the Court concludes that the defendants statements on September 24, 2007 should not be suppressed.  He had been Mirandized on two occasions the previous day, and the Court does not believe that the intervening time vitiated the efficacy of the defendant's waiver of his Miranda rights.  United States v. Pruden, 398 F.3d 241, 247 (3d Cir. 2005) (twenty hour time lapse between warnings and statements was not enough to render defendant's waiver ineffective).

For the foregoing reasons, the defendant's motion to suppress statements and evidence is denied.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge